**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                             )
ABRAHAM KASPARIAN, JR.,      )
                             )
           Plaintiff,        )
                             )
      v.                     )    Civil Action
                             )    No. 15-13560-PBS
TRANSUNION and CREDIT REPORTING  )
MANAGER c/o TRANSUNION,      )
                             )
           Defendants.       )
_____)
```

**ORDER**

September 16, 2016

Saris, C.J.

Plaintiff Abraham Kasparian, Jr. filed suit against Defendant Trans Union in Massachusetts District Court (Brockton Division) alleging violations of Mass. Gen. Laws ch. 93, §§ 56, 58, and 59. Trans Union removed the case to this Court pursuant to 28 U.S.C. § 1441. Magistrate Judge Bowler issued a report and recommendation on Defendant's motion for judgment on the pleadings. Defendant filed an objection to the report and recommendation. This Court requested supplemental briefing on subject matter jurisdiction. After receiving and reviewing the briefing, the Court **REMANDS** the case to Massachusetts District Court for lack of subject matter jurisdiction.

1

Under 28 U.S.C. § 1441(a) federal district courts are granted jurisdiction over state court actions that could have been brought in federal court. A federal district court has original jurisdiction over a matter if the action is determined to have "arisen under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The well-pleaded complaint rule determines that a suit arises under federal law "'only when the plaintiff's statement of his own cause of action shows that it is based upon' federal law." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Here, the complaint was based on state law and thus does not provide a basis for removal.

An exception to the well-pleaded complaint rule permits removal to federal court "when a federal statute wholly displaces a state-law cause of action through complete pre-emption." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003). Only complete preemption allows for the recharacterization of the plaintiff's state law claims into federal law claims. Fayard v. Ne. Vehicle Servs., LLC, 533 F.3d 42, 45 (1st Cir. 2008). The doctrine of complete preemption is one of limited applicability and only applies in a narrow range of cases such as claims under the Employment Retirement and Insurance Security Act ("ERISA") and the Labor Management

Relations Act. Marcus v. AT&T Corp., 138 F.3d 46, 54 (2d Cir. 1998); see Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987). "By contrast, ordinary preemption – i.e., that a state law claim conflicts with a federal statute – is merely a defense and is not a basis for removal." Fayard, 533 F.3d at 45 (citing Gully v. First Nat'l Bank, 299 U.S. 109, 115-16 (1936)).

Defendant argues Plaintiff's claims implicate the Fair Credit Reporting Act ("FCRA"), 28 U.S.C. § 1681, thereby providing this court with subject matter jurisdiction under 28 U.S.C. § 1331. The text of the FCRA states that it is not intended to "annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the law of any State." 15 U.S.C. § 1681(t). Additionally, not only is the statute self-limiting, but the Federal Trade Commission's commentary on the FCRA "reiterates that the FCRA was not intended to usurp the field of consumer report law." Davenport v. Farmers Ins. Grp., 378 F.3d 839, 842-43 (8th Cir. 2004). In two cases against Trans Union, the courts held the complete preemption doctrine does not apply to the FCRA and therefore removal is not permitted. Watkins v. Trans Union, L.L.C., 118 F. Supp. 2d 1217, 1223 (N.D. Ala. 2000); Swecker v. Trans Union Corp., 31 F. Supp. 2d 536, 540 (E.D. Va. 1998). These courts found the statute's preemption provisions "evidence no intent on the part of Congress to grant defendants such as Trans Union

3

. . . the extraordinary ability to recharacterize state law claims as a federal cause of action." Watkins, 188 F. Supp. 2d at 1222; see Swecker, 31 F. Supp. 2d at 539. There are no cases to the contrary. Disturbingly, counsel removed this case despite this phalanx of case law, and failed to cite these cases to the Court in its brief. See Fed. R. Civ. P. 11(b).

Because complete preemption does not apply to the FCRA context, the Court **REMANDS** the case to Massachusetts District Court for lack of subject matter jurisdiction.

## ORDER

The action is **REMANDED**.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge